UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACK B. HARPER CONTRACTOR, INC. | CIVIL ACTION |
| VERSUS | NO. 11-20 |
| UNITED FIBERGLASS OF AMERICA, INC. ET AL. | SECTION "H" (2) |

## ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Plaintiff's Motion to Quash Prime Conduit, Inc.'s Subpoena to Liberty Mutual Insurance Company, Record Doc. No. 87

O R D E R E D:

 XXX : DENIED, subject to the order contained herein. Plaintiff's principal objection raised to this third-party subpoena is that it is untimely served after the court-ordered discovery deadline. While only the subpoena recipient ordinarily has standing to assert certain kinds of objections to a subpoena, Fed. R. Civ. P. 45(c)(2)(B), third-party subpoenas are discovery, Martin v. Oakland County, No. 2:06-CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008); Williamson v. Horizon Lines LLC, 248 F.R.D. 79, 83 (D. Me. 2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2452 (3d ed. 2008)); Garvin v. S. States Ins. Exchg. Co., No. 1:04cv73, 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) (citing In re Application of Time, Inc., 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)), and the court always has authority to enforce its own Rule 16 deadlines, including the deadline for completion of all discovery. In determining whether to permit discovery after the deadline set in a Rule 16 order, the legal standard is that such an order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). In determining "good cause" in connection with a Rule 16 scheduling order of the type that was entered in this case, the court must weigh the following factors: (1) the explanation for the failure to comply, (2) the importance of the matters that are the subject of the order, (3) potential prejudice in allowing the requested action and (4) the availability of a continuance to cure such prejudice. Paz v. Brush Engineered Materials, Inc., 555 F.3d 383, 390 (5th Cir. 2009); Nunez v. United States

Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008) (district court did not abuse discretion in denying leave to designate experts beyond the scheduling order deadline); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998) (district court did not abuse discretion in denying leave to designate expert and file expert report after deadline).

Evaluating these factors in this case weighs in favor of permitting this limited late third-party discovery. The explanation for the failure timely to issue the subpoena – the sparsity of plaintiff's own written discovery responses concerning the subject insurance issues and the recent deposition testimony indicating the need to obtain it – is persuasive. While the importance of the requested materials is uncertain, I discern no prejudice to other parties and no need for a continuance. Accordingly, "good cause" to permit this limited late discovery has been established, and the motion is denied, subject to the fowling order:

**IT IS ORDERED** that immediately upon receipt of all subpoenaed materials, and no later than **June 9, 2012**, PCI must produce (at its expense) a copy of all such materials to counsel for all other parties to this action.

New Orleans, Louisiana, this ___31st___ day of May, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE