UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACK B. HARPER CONTRACTOR, INC. | * | CIVIL ACTION NO. 11-20 |
| Plaintiff | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * | |
| | * | |
| | * | MAGISTRATE: 2 |
| UNITED FIBERGLASS OF AMERICA, INC., ET AL | * | MAG. JOSEPH C. WILKINSON, JR. |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The matters before the Court are a Motion for Summary Judgment filed by Defendant, United Fiberglass of America, Inc. ("United Fiberglass") (Doc. 65) and a Motion for Summary Judgment filed by Prime Conduit, Inc. ("Prime Conduit") (Doc. 66).  Prime Conduit adopted the reasons set forth in United Fiberglass' Motion for Summary Judgment. (Doc. 66.) The Plaintiff, Jack B. Harper Contractor, Inc. ("Harper") has opposed both motions.  (Doc. 70.)  United Fiberglass replied to Harper's opposition.  (Doc. 77.)   Additionally Harper and United Fiberglass filed supplemental memoranda.  (Doc. 80 and Doc. 104.)

For the following reasons Defendants Motions for Summary Judgment are hereby **DENIED.**

**BACKGROUND**

Harper purchased a multi-cell conduit product known as "Multi-Gard" from United

Fiberglass to be used on a public project for the Louisiana Department of Transportation and Development ("DOTD"). The conduit, which has a fiberglass outer shell, contains multiple PVC innerducts through which fiber optic cable for traffic cameras to be installed. United Fiberglass manufactured the outer fiberglass shell and assembled the inner components supplied by Prime Conduit according to the design provided by Prime Conduit.

After purchasing the multi-cell conduit in January of 2009 Harper began the installation alongside the elevated portion of Interstate 310 and Interstate 10. After almost a year of having intermittent problems, in April, 2010, Harper removed and replaced the entirety of the Multi-Gard and replaced it with a substitute product. Harper filed suit in the 22nd Judicial District Court of Louisiana on November 17, 2010 alleging that United Fiberglass is liable under the Louisiana Products Liability Act ("LPLA"), breach of contract and that the products contained redhibitory vices and defects. The case was removed to federal court on January 5, 2011. On April 5, 2011 Harper filed its First Amended Complaint against United Fiberglass and Prime Conduit.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.

*Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-movant's burden, however is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**LAW AND ANALYSIS**

There are two issues presented to the Court in the Motions for Summary Judgment. The first issue is whether or not Harper's LPLA and redhibition claims against United Fiberglass and Prime Conduit are prescribed. The second issue presented is whether or not Harper's claim of breach of contract against United Fiberglass and Prime Conduit are subsumed by their LPLA and redhibition claims.

*(1) Prescription*

Under the doctrine of *contra non valentum*, the prescriptive period begins to run on the date the injured party discovers or should have discovered the facts upon which his cause of action is based. *Chenevert v. Springer,* 431 Fed.Appx. 284, 286 (5th Cir. 2011) (*quoting Eastin v. Entergy Corp.*, 865 So.2d 49, 55 (La.2004)). As both their briefs and oral argument indicate, the parties' disagreement focuses on how much information is necessary to commence the prescriptive period.

"Constructive knowledge or notice sufficient to commence the running of prescription requires more than a suspicion that something may be wrong." *Chevron USA, Inc. v. Aker Maritime, Inc.*, 604 F.3d 888, 894 (5th Cir. 2010) (*quoting Strata v. Patin*, 545 So.2d 1180, 1189 (La.App. 4th Cir.1989)). Instead, "when a plaintiff suspects something is wrong, it must seek out those whom he believes may be responsible for the specific injury." *Id.* (*quoting Jordan v. Employee Transfer Corp.*, 509 So.2d 420, 423 (La. 1987)). "When a plaintiff acts reasonably to discover the cause of a problem, the prescriptive period does not begin to run until it has a reasonable basis to pursue a claim against a specific defendant." *Id.* (*quoting Jordan*, 509 So.2d at 424).

In light of these principles, the Court concludes that there is a sufficient basis to find that there is a contested issue of fact as to whether the prescriptive period began to run prior to November, 2009. Based on the law recited and the timeline of what occurred, it is unclear when the Plaintiff had sufficient notice to commence the running of prescription. Therefore, it is inappropriate at this time to grant summary judgment. Accordingly, it is hereby ordered that the Motions for Summary Judgment by United Fiberglass (Doc. 65) and Prime Conduit, Inc. (Doc. 66) on the prescription issue are hereby denied.

*(2) Breach of Contract*

United Fiberglass and Prime Conduit argue that the LPLA precludes Harper's Louisiana Civil Code Articles 2524 and 2529 and breach of contract claims. (Doc. 65 and Doc. 66.)

"Courts have been inconsistent and unclear in determining when and if a buyer can bring a breach of contract claim against a manufacturer." *Hollybrook Cottonseed Processing, LLC v. Carver, Inc.*, No. 09-0750, 2010 WL 892869, at *6 (W.D.La., 2010). This Court agrees with previous

Courts that, in general, the exclusivity provision of the LPLA subsumes breach of contract claims. On the other hand, in cases where a specific part of the injury is caused only by the breach of contract and not by the product itself, a buyer may be able to bring both types of claims against a manufacturer. *See Hollybrook* at *7. The Court finds that there is an issue of fact as to whether Harper's claims fall solely within the LPLA. Thus, at this time, the Court will not preclude Harper's ability to bring its breach of contract claims.

Louisiana Civil Code Articles 2524 and 2529 are located in the Redhibition Chapter of the Civil Code. La. Civ. Code arts. 2524, 2529. The Comments to both Articles, however, make clear that these claims are governed by the rules of sales and conventional obligations and not the Articles on redhibition. *See Id.* The text and comments of Articles 2524 and 2529 also make clear that the causes of action under these Articles are available only when redhibition under Article 2520 is not available or appropriate. *See Id.*

In this case there is an issue of fact as to whether the United Fiber's and Prime Conduit's product had redhibitory defects. If it did have redhibitory defects, then Harper's claims under Articles 2524 and 2529 are subsumed by its claim under Article 2520. If the product was free of redhibitory defects, then they would be valid. Thus, with regard to any damages that Harper can show were caused by a breach of Article 2524 or 2529 alone, the Court denies the Defendants Motions for Summary Judgment pending a determination of whether the purchased equipment had redhibitory defects.

Accordingly, it is hereby ordered that the Motions for Partial Summary Judgment by United Fiberglass (Doc. 65) and Prime Conduit, Inc. (Doc. 66) on the breach of contract issue are hereby

denied without prejudice. United Fiberglass and Prime Conduit have the right to reurge this matter at trial.

## CONCLUSION

For the foregoing reasons, the Motions for Summary Judgment filed by United Fiberglass (Doc. 65) and Prime Conduit (Doc. 66) are hereby **DENIED.**

New Orleans, Louisiana on this 8th day of June, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**